John W. Sweeny, J.
This is a CPLR article 78 proceeding in *321 which petitioner seeks a judgment reversing the respondents’ denial of petitioner’s request for reimbursement for day care services.
Amongst the myriad of respondents’ regulations, there do not appear to be any which were formulated to directly assist in resolving the temporary financial plight encountered as the result of the breakup of certain middle-class families. The factual pattern of this proceeding is seen frequently in the Contested Matrimonial Part of this court. It is a picture of not enough money being available to meet the needs of husband, wife and children after a separation occurs and two households rather than one have to be maintained without an increase in income. As it often happens, the wife, and in this case, five children with her, are left in the jointly owned home which has prohibitively high carrying costs.
Petitioner is now employed and nets $6,069.44 annually, while her estranged husband pays for his separate accommodations as well as all mortgage, real property taxes, insurance and utility charges for the former matrimonial abode. These latter charges have been calculated to be $7,278.04 annually.
There does not seem to be any dispute that the petitioner needs to place her youngest child in a day care center in order for her to remain employed. There is also no dispute raised regarding the reasonableness of the $6 per day charge for day care services. Additionally, there would seem to be little question that petitioner and her children would become temporarily eligible for at least supplementary assistance from the Department of Social Services if she is forced to stop working. Conceivably, petitioner could be forced to become a full-time public charge.
Returning to the basis of this proceeding, simply stated, petitioner disputes respondents’ decision to consider the full $7,278.04 paid by petitioner’s husband as income available to petitioner. This figure, when added to petitioner’s own net salary of $6,069.44, makes a total income of $13,347.48 presumably available to petitioner and her children.
Respondents’ regulation (18 NYCRR 369.10 [a] [2] [ii]) establishes a net income level of $11,050 for a family of six to be eligible to receive day care payments. Therefore, if respondents’ conclusion that all of petitioner’s husband’s contributions for carrying charges should be considered as income available to petitioner is correct, petitioner is not entitled to assistance for day care services.
*322 At this juncture, it should be noted that the record of the fair hearing shows that petitioner and her husband have been attempting for over one year to sell their costly home, which is owned as tenants by the entirety. Very obviously, when this is accomplished, more moderate living accommodations will have to be obtained and this family’s present predicament will be somewhat obviated.
It is the opinion of this court that in those limited cases, such as the instant case, where a family through no choice of its own is forced by circumstances beyond its control to temporarily expend a major portion of their net income for housing accommodations, that it is arbitrary for respondents to conclude that all these funds are in fact available income within the meaning of the regulations (18 NYCRR 369.10 [a] [3]).
Under the present circumstances in which petitioner and her children find themselves, it was unreasonable and more fanciful than real for respondents to conclude that the full benefit of the carrying charges paid by Mr. Norton was income actually available to petitioner. In actual fact, since petitioner has no control over the distribution of these funds paid by her husband, this court believes that the true value of these payments to her should be considered as equal to no more than the shelter and fuel allotments established by 18 NYCRR 352.3.
As so valued, petitioner’s net income is well within the minimum required by 18 NYCRR 369.10 (a) and therefore she should be deemed eligible for day care assistance payments retroactively.
Accordingly, respondents’ decision dated December 5, 1975 is hereby reversed in accordance with this decision. However, respondents shall be entitled (1) to review petitioner’s case two months after the date of this decision to determine whether petitioner and her husband have been making a good faith effort to sell their property, and (2) to take whatever action they deem available to recoup the funds expended at the time the petitioner’s property is sold.
The petition is in all other aspects denied.